## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |  |
|---|---|---|
| **HARVEY SCHIRMER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.:** |
| | * | |
| **HARRIS CORPORATION,** | * | |
| | * | |
| **Defendant.** | * | |

---

## COMPLAINT FOR DAMAGES

**COMES NOW**, Harvey Schirmer, Plaintiff, by and through his counsel in the above referenced matter, and hereby files his Complaint for Damages against the named Defendant, showing the following:

## INTRODUCTION

1.

This is an action for age discrimination pursuant to and in violation of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 623 *et seq.* and for disability discrimination pursuant to and in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), *et seq.*

## JURISDICTION AND VENUE

### 2.

Plaintiff, Harvey Schirmer (hereinafter "Plaintiff Schirmer"), is a resident of Warner Robins, Houston County, Georgia, with a residence located at 204 Flint St, Warner Robins, Houston County, Georgia 31088.

### 3.

Defendant Harris Corporation (hereinafter "Defendant Harris Corp."), is a foreign corporation or business entity that, at all times pertinent herein, transacts business in Houston County, Georgia. Furthermore, Defendant Harris Corp. has a registered agent for service of process, Corporation Service Company, who can be served in Gwinnett County at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092, USA.

### 4.

By virtue of the facts outlined herein, Defendant Harris Corp. is subject to the jurisdiction and venue of this Honorable Court.

## GENERAL ALLEGATIONS

### 5.

Paragraphs 1 through 4 of this Complaint for Damages are incorporated by reference as if the same were alleged verbatim herein.

6.

Beginning in March of 1987, Plaintiff Schirmer began working as an employee with an organization that, through a series of merger and acquisition activities, became part of Defendant Harris Corp in December of 2015.

7.

While employed with Defendant Harris Corp., Plaintiff Schirmer worked in Logistics.

8.

On or about December 11, 2017, Plaintiff Schirmer was transporting a storage container from his personal vehicle into his office when he tripped and fell on the walkway that led into Defendant Harris Corp.'s building located at 106 Byrd Way, Ste. 100, Warner Robins, Georgia, 31088.

9.

As a result of his fall, Plaintiff Schirmer struck his head on the concrete and landed on his left knee and left arm.

10.

Plaintiff Schirmer began bleeding heavily from a cut over his left eye as a result of the fall. Plaintiff Schirmer went inside the Defendant Harris Corp.'s premises where his wound was bandaged and the bleeding eventually stopped.

11.

The following day, on or about December 12, 2017, Plaintiff Schirmer was seen by Dr. William Freeman, a dermatologist in Warner Robins, Georgia. The laceration above his left eye was closed with sutures and he was discharged home.

12.

Plaintiff Schirmer began to complain of headaches in the weeks after his fall and as a result, went to see Dr. Fabian Franco, a geriatric internist in Warner Robins. Plaintiff Schirmer was given sinus medications and was discharged home.

13.

Due to continued headaches, Plaintiff Schirmer returned to Dr. Franco, who recommended Plaintiff Schirmer go to Houston Medical Center for diagnostic testing to discover the source of his headaches. Plaintiff Schirmer reported to Houston Medical Center and CT scans were taken at that time.

14.

On or about January 31, 2018, Plaintiff Schirmer was informed that his CT scans revealed two chronic subdural hematomas. Plaintiff Schirmer and his wife, Diane Schirmer, were instructed to call 911 and have Plaintiff Schirmer transported to the Medical Center of Central Georgia/Navicent Health. Plaintiff Schirmer was eventually placed in the intensive care unit where he remained for a number of weeks

Harvey Schirmer v. Harris Corporation
*Complaint for Damages*
Page 4 of 16

until he was discharged to outpatient rehabilitation at Shepherds Spinal Center in Atlanta, Georgia.

15.

Plaintiff Schirmer was eventually discharged from Shepherds Spinal Center and continued his treatment Shepherd Pathways with Dr. Payal Fadia.

16.

As part of his ongoing treatment, Plaintiff Schirmer has been treated by Dr. Victoria Mansour, a physical medicine and rehabilitation specialist.

17.

On or about May 26, 2018, Dr. Fadia released Plaintiff Schirmer to "light duty" work.

18.

On or about June 20, 2018, Dr. Victor Andress at Southeastern Urology Associates provided a note stating that there was "nothing from a GU standpoint keeping [Plaintiff Schirmer] from working," and that he was okay to return.

19.

On or about June 21, 2018, Dr. Todd Kinnebrew at OrthoGeorgia approved Plaintiff Schirmer's bilateral knees and left wrist to return to regular duty.

20.

On or about June 26, 2018, Dr. Elliot Robinson at OrthoGeorgia approved Plaintiff Schirmer's left arm/hand to be used for light duty work, with a restriction not to lift over one pound.

21.

On or about June 27, 2018, Dr. Mansour recommended the following work hour progression for Plaintiff Schirmer: for the first week back, four hours per day; for the second week back, five hours per day; for the third week back, six hours per day; for the fourth week back, seven hours per day; for the fifth week back, eight hours per day. However, this was dependent on Plaintiff Schirmer being in his wheelchair and Defendant Harris Corp. having a wheelchair accessible bathroom.

22.

On or about July 3, 2018, counsel for Plaintiff sent an email to Mark Webb, counsel for Defendant, with Plaintiff Schirmer's work releases, and asked to be informed as soon as possible if Defendant Harris Corp. had any positions available because Plaintiff Schirmer was ready, willing, and able to return to work at that time.

23.

On or about July 10, 2018, counsel for Plaintiff Schirmer contacted Mr. Webb, informing him that Plaintiff Schirmer was anxious to return to work and inquiring into when Defendant Harris Corp. was going to allow him to return. Additionally,

counsel for Plaintiff Schirmer asked Mr. Webb whether Defendant Harris Corp. was willing to accommodate Plaintiff Schirmer's restrictions or whether they were waiting until he received a full duty release.

24.

On or about August 10, 2018, Dr. Mansour noted that Plaintiff Schirmer did not need any assistance or attendant at work and that he was independent with all personal and work related functions. Further, Dr. Mansour noted that Plaintiff Schirmer would return to work full time with his electric wheel chair, walker, and cane. Dr. Mansour further stated that van approval was mandatory.

25.

On or about August 14, 2018, counsel for Plaintiff Schirmer again emailed Mr. Webb at which time he provided Mr. Webb with updated orders for a van and return to work. He also asked Mr. Webb to let him know as soon as possible about Harris Corp. securing the wheelchair accessible van that Plaintiff Schirmer needed in order to return to work.

26.

On or about August 14, 2018, Mr. Webb emailed counsel for Plaintiff Schirmer stating that Defendant Harris Corp. was aware that Plaintiff Schirmer was released to work by all of his treating physicians, with the restriction that he utilize his wheelchair. As of this date, Defendant Harris Corp. admittedly had

knowledge that any prior work restrictions/excuses were lifted. Mr. Webb further
stated that Defendant Harris Corp. was working to get the actual paperwork from
all of Plaintiff Schirmer's treating physicians confirming that he could return to
work, and that Defendant Harris Corp. then would have an analysis done on
Plaintiff Schirmer based upon his releases. Additionally, Mr. Webb stated that
Defendant Harris Corp. was working on the van prescription and was also trying to
schedule Plaintiff Schirmer for a driving assessment to confirm clearance to drive.

27.

On or about August 21, 2018, the Freedman Group Industrial Rehab
Services performed an Ergonomic Job Site Assessment of Harris Corp. The
evaluator, Peggy Freedman, determined that Plaintiff Schirmer "should be capable
of accessing his work area and performing tasks at the office of The Harris
Corporation," with a recommendation that he be provided an automated door
opener at the front door entry to The Harris Corporation. With regards to the
Robins Air Force Base location, Ms. Freedman was not allowed on the property,
but based on pictures and verbal descriptions, she concluded that Plaintiff Schirmer
"should be capable of accessing the building." However, she did state that Plaintiff
Schirmer would need a rear wheelchair entry/egress vehicle, a wheelchair that
could traverse over uneven terrain, grass, and gravel, and that accessibility into the
bathroom at this location was unknown.

28.

On or about August 27, 2018, counsel for Plaintiff Schirmer emailed Mr.

Webb regarding COBRA billing and Plaintiff Schirmer's belief that he would not

be getting notified about the continuation of coverage through COBRA unless he

had been terminated. On or about August 29, 2018, Mr. Webb emailed counsel for

Plaintiff Schirmer stating that Plaintiff Schirmer had not been terminated and that

the COBRA billing should not be interpreted as evidence of termination.

29.

On or about November 6, 2018, counsel for Plaintiff Schirmer emailed Mr.

Webb to confirm that Plaintiff Schirmer had not been terminated from Harris

Corp., and asking for a letter from Defendant Harris Corp. confirming Plaintiff

Schirmer's employment and benefit status. Additionally, counsel for Plaintiff

Schirmer requested an update regarding the status of the van that was

recommended following the driving evaluation. That same day Mr. Webb emailed

counsel for Plaintiff Schirmer stating that it was his understanding that Plaintiff

Schirmer had not been terminated and that Defendant Harris Corp. had received an

updated quote for the van, but that they wanted to do a "partial transportation

stipulation and agreement."

30.

On or about December 12, 2018, Dr. Mansour noted that Plaintiff Schirmer

could return to work full time at sedentary duty.

31.

On or about December 13, 2018, Plaintiff Schirmer received a letter from Defendant Harris Corp. which informed him that approximately two months after his leave started on January 30, 2017, all of his duties were reassigned to other employees and his job "went away." The letter further stated that Defendant Harris Corp. checked to see if they had any suitable employment and determined that they did not. As a result, Plaintiff Schirmer was informed that he was terminated, effective December 14, 2018.

## COUNT I: DISABILITY DISCRIMINATION

32.

Paragraphs 1 through 31 of this Complaint for Damages are incorporated by reference as if the same were alleged verbatim herein.

33.

Plaintiff Schirmer filed a charge of disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990, as amended, with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the acts which he complains.

34.

Plaintiff Schirmer received his Notice of Right to Sue from the Atlanta District

Office of EEOC. This civil action is instituted in the appropriate federal district court within ninety (90) days of his receipt of said Notice.

35.

Defendant Harris Corp. is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 12111(5)(A).

36.

Plaintiff Schirmer suffers from a disability as defined by the ADA.

37.

Plaintiff Schirmer is a qualified individual as defined by the ADA.

38.

Defendant Harris Corp. has engaged in intentional discrimination in violation of the ADA by failing to reasonably accommodate Plaintiff Schirmer by refusing to allow him to return to employment, and denying him other positions for which he is qualified.

39.

Plaintiff Schirmer is capable of performing all essential functions of his position with reasonable accommodations.

40.

Plaintiff Schirmer has a physical impairment that substantially limits one or more of his major life activities.

41.

Plaintiff Schirmer has a record of a physical impairment that substantially limits one or more of his major life activities.

42.

Defendant Harris Corp. regarded and/or perceived Plaintiff Schirmer as having a physical impairment that substantially limited one or more of his major life activities.

43.

Defendant Harris Corp.'s conduct violates 42 U.S.C. §§ 12101, 12112 et *seq.*, as amended by the Civil Rights Act of 1991.

44.

Defendant Harris Corp.'s discriminatory conduct, in violation of the ADA, has caused Plaintiff Schirmer to suffer a loss of pay, benefits, and prestige.

45.

Defendant Harris Corp.'s actions have caused Plaintiff Schirmer to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981(a).

46.

Defendant Harris Corp. has engaged in discriminatory practices with malice and reckless indifference to Plaintiff Schirmer's federally protected rights, thereby

entitling him to punitive damages pursuant to 42 U.S.C. §1981(a).

## COUNT II: AGE DISCRIMINATION

### 47.

Paragraphs 1 through 46 of this Complaint for Damages are incorporated by reference as if the same were alleged verbatim herein.

### 48.

Plaintiff Schirmer filed a charge of age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the acts which he complains.

### 49.

Plaintiff Schirmer received his Notice of Right to Sue from the Atlanta District Office of EEOC. This civil action is instituted in the appropriate federal district court within ninety (90) days of his receipt of said Notice.

### 50.

Plaintiff Schirmer was born on August 16, 1945, and was 73 years old at the time he was terminated from his employment with Defendant Harris Corp. Therefore, Plaintiff Schirmer is in the protected class.

### 51.

Plaintiff Schirmer began employment with a business in March of 1987 that

eventually was acquired by Defendant Harris Corp. in 2015. Plaintiff Schirmer became an employee of Defendant Harris Corp. on December 26, 2015 as a Logistics Specialist in Electronic Warfare. Throughout his employment with Defendant Harris Corp., Plaintiff Schirmer met and/or exceeded Defendant Harris Corp.'s expectations.

52.

On or about December 11, 2017, Plaintiff Schirmer was transporting a storage container from his personal vehicle into his office when he tripped and fell on the walkway that led into Defendant Harris Corp.'s building.

53.

On or about December 13, 2018, Defendant Harris Corp. terminated Plaintiff Schirmer, claiming they no longer had any suitable employment for him.

54.

Over the approximately thirty-one (31) years that Plaintiff Schirmer worked for Defendant Harris Corp., there were at least seven MSD Repair contracts and ongoing continual negotiations. Prior to his termination, every time a contract ended and was not immediately renewed, Plaintiff Schirmer was retained in his job and was never fired, terminated, or in any way released from his position.

55.

Defendant Harris Corp. has an unwritten policy of not granting anyone over

forty-five (45) years of age a promotion, which is known to the employees at Harris Corp.

56.

Plaintiff Schirmer was repeatedly asked by Harris Corp. employees when he was going to retire.

57.

Defendant Harris Corp. discriminated against and terminated Plaintiff Schirmer based on his age.

58.

Defendant Harris Corp.'s conduct violates 42 U.S.C. §623, *et seq.*

**WHEREFORE,** Plaintiff prays for the following relief:

1.  That Summons issue as required by law;

2.  That he have a trial by jury;

3.  Judgment for Plaintiff against the Defendant pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, and pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112 *et seq.*, in the form of all legal and equitable relief available, including but not limited to damages for lost wages, future earnings, other employment benefits, and reduced

earning capacity, together with prejudgment interest, compensatory damages, liquidated damages for Defendant's willfulness, and punitive damages, sufficient to compensate Plaintiff and to deter and punish Defendant, in amounts to be determined at trial;

4.    Award Plaintiff the costs of this action together with reasonable attorneys' fees as provided by the ADEA and ADA;

5.    That he have any other just and proper relief this Court deems necessary and appropriate; and

6.    That all court costs be assessed against Defendant.

This 5th day of March, 2020.

STEPHEN M. WELSH
Georgia Bar No.: 747900
*Attorney for Plaintiff*

Buzzell, Welsh and Hill, LLP
200 Third Street
P. O. Box 1017
Macon, GA 31202-1017
(478) 742-8820

Harvey Schirmer v. Harris Corporation
*Complaint for Damages*
Page 16 of 16